IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JUSTIN DAVID LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 1:15-CV-205-MHT |
| | )                              [WO] |
| GENEVA COUNTY SHERIFF'S | ) |
| OFFICE, *et al*., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Geneva County Jail in Geneva, Alabama, files this 42 U.S.C. § 1983 action against the Geneva County Sheriff's Office and Hartford Police Chief Annie Ward. Plaintiff complains that his constitutional rights were violated during his criminal court proceedings in the Circuit Court for Geneva County, Alabama. Plaintiff requests dismissal of his criminal cases and damages. Upon review, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).

**I.  DISCUSSION**

*A.  Geneva County Sheriff's Office*

The Geneva County Sheriff's Office is not a legal entity subject to suit or liability under § 1983. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The court concludes that Plaintiff's claims for relief against this defendant may be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *Id*.

*B. Challenge to Plaintiff's Conviction*

Plaintiff seeks to challenge the validity of certain evidence admitted at trial claiming it was tampered with and/or that the State failed to establish a chain of custody regarding that evidence. To the extent Plaintiff's claims attempt to challenge the validity of the criminal conviction(s) entered against him by the Circuit Court for Geneva County, Alabama, such claims may not proceed in a § 1983 action. Plaintiff's claims go to the fundamental legality of his confinement and provide no basis for relief at this time. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 489. The Court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id.* at 481. The Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court further concluded that an inmate's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the inmate can demonstrate the challenged action has been invalidated. 520 U.S. at 648. The Court determined this is true not only when a

prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id*. at 645.  When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an immediate or earlier release, his sole federal remedy is a writ of habeas corpus.  *Id*. at 648; *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005);  *Preiser, 411* U.S. at 489.  The *Balisok* Court "reemphasize[d] that . . . a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." 520 U.S. at 649.

Plaintiff's claims represent a  challenge to the constitutionality of his criminal conviction(s). A judgment in favor of Plaintiff would  imply the invalidity of this conviction(s). It is clear from the complaint that the conviction(s) about which Plaintiff complains has not been invalidated in an appropriate proceeding.  Consequently, the instant collateral attack on the conviction(s) in question is prohibited as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of his confinement.  *Balisok*, 520 U.S. at 645-46; *Heck*, 512 U.S. at 487; *Preiser*, 411 U.S. at 488-490.  Such attack is, therefore, subject to summary dismissal by this court under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The § 1983 claims against the Geneva County Sheriff's Office be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

2. To the extent Plaintiff's claims seek to challenge to the constitutionality of the conviction(s) imposed upon him by the Circuit Court for Geneva County, Alabama, such claims

be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) as they are not properly before the court at this time;

3. This complaint be DISMISSED prior to service of process.

It is further

ORDERED that **on or before August 13, 2015**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). S*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) ( en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this the 30th day of July, 2015.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

4